Fulton County Superior Court
***EFILED***DD
Date: 2/15/2016 1:21:15 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

MICHELLE E. FALANGA,      )
     )
PLAINTIFF,      )    CIVIL ACTION 2016CV271445
     )    FILE NO. _____
BTW ATLANTA, LLC, d/b/a      )
BUCKHEAD SALOON, and      )
JEFFREY S. BOLHOUS,      )
     )
DEFENDANTS.      )

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

       You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

     Robert A. Falanga, Esq.
     FALANGA & CHALKER
     11200 Atlantis Place, Suite C
     Alpharetta, Georgia 30022
     (770) 955-0006

an answer to the complaint which is herewith served upon you.  Within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

     This _____ day of ___2/15/2016_____, 2016.

       Clerk of Superior Court, Fulton County

       BY: _____
       Deputy Clerk



EXHIBIT
A

Fulton County Superior Court
***EFILED***DD
Date: 2/15/2016 1:21:15 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **MICHELLE E. FALANGA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.** _____  2016CV271445 |
| **BTW ATLANTA, LLC, d/b/a** | ) | |
| **BUCKHEAD SALOON, and** | ) | |
| **JEFFREY S. BOLHOUS,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW the Plaintiff, Michelle E. Falanga for and on behalf of herself and files this her Complaint against the Defendants, individually and collectively and shows the Court as follows:

## THE PARTIES AND JURISDICTION AND VENUE

1.

Plaintiff is a resident of the State of Georgia and is a former employee of Buckhead Saloon, serving in the capacity of a bartender and being paid a tip credit hourly amount of $2.13 per hour plus tips. Plaintiff brings this action to recover from Defendants unpaid regular time compensation, failure to allow paid breaks, overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.S. 216(b), (the "Act"

or "the FLSA"), and pursuant to Georgia state law as described below.

2.

Plaintiff brings these FLSA claims and seeks relief challenging, among other things, Defendants' practice of failing to allow payment for all hours worked, failure to pay overtime, and failing to comply with federal law regarding "Tip Credit" policies.

3.

Plaintiff reserves the right to amend this Complaint to qualify and to quantify her allegations to that of a class of persons similarly identified and situated. Plaintiff believes that there may exist a class of employees who have been or are employed in positions similar to those of the Plaintiff, and were subject to the same or similar unlawful practices as the individually named plaintiff herein. The number and identity of other Plaintiffs yet to be identified and possibly opted in and consent to be party plaintiffs may be determined from the records of Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action as discovery proceeds.

4.

Defendants are engage in an integrated enterprise that are highly integrated with respect to ownership and operations and/or are a joint enterprise. At all times relevant hereto, the Bulldog Saloon Defendants were and are Georgia corporations

and individuals doing business in this judicial district and with its principal place of business (BTW Atlanta, LLC, d/b/a Buckhead Saloon) in Georgia and doing business in this judicial district at 3227 Roswell Road, NE, Atlanta, Fulton County, Georgia 30305. Defendant Jeffrey S. Bolhous (hereinafter "Bolhous") resides in Gwinnett County at 295 Selkirk Lane, Duluth, Gwinnett County, Georgia 30097 and is publicly identified as the "Agent", Managing Partner of the BTW Atlanta, LLC Defendant and has authority over employment decisions including many if not all of the Defendants' policies that violate the FLSA. All Defendants are subject to actions of this kind and nature and may be served by serving them at the addresses stated herein above and once so served in accordance with Georgia law are subject to the jurisdiction of this honorable court.

5.

The Defendant, BTW Atlanta, LLC, d/b/a Buckhead Saloon (hereinafter referred to as "Buckhead Saloon"), is a Georgia corporation duly registered to transact business in the State of Georgia, and may be served in accordance with the mandates of Georgia Law by serving their registered agent, Mr. Jeff S. Bolhous at 3227 Roswell Road, Atlanta, Fulton County, Georgia 30305, with a copy of this Complaint, and once so served is subject to the jurisdiction of this court.

6.

The Defendant, Jeff S. Bolhous, is a resident of Gwinnett County and may be served

with a copy of this Complaint by serving him with a Second Original copy of the Complaint

at his resident address which is 295 Selkirk Lane, Duluth, Gwinnett County, Georgia 30097

and once so served is subject to the jurisdiction of this court.

## COLLECTIVE ACTION ALLEGATIONS

7.

The wages of all hourly employees were altered by Defendants so that they

would not reflect any overtime and/or actual hours worked. Defendants never paid

overtime to hourly, nonexempt employees despite the fact that many regularly worked

more than forty (40) hours per week.

8.

All hourly employees were forbidden from taking any paid breaks during their

shifts. Defendants did not provide a schedule for breaks.

9.

With regard to servers and bartenders, Defendants are not entitled to treat tips

paid the servers or bartenders as wages (the "Tip Credit") because Defendants have

not complied with 29 U.S.C. 203. Defendants allowed and condoned management

personnel, who were paid salary as opposed to tip credit wages of $2.13 per hour, to

be involved with and to share in the tipped earnings for any hours that management

employees worked behind the bar assisting the regularly scheduled bartenders. This

is a direct violation of FLSA mandates and would entitle Plaintiff to back pay for the

required minimum wage for all hours worked. Tips must be free of control or coercion by the employer (BTWAtlanta, LLC) in order for the employer to use the Act's tip credit provisions.

10.

It was Defendants' policy to not report as individual income the shared tip money when taken by management employees but would instead report the amount of the tips taken by management employees as the income of the regular tip credit employees on the reporting sheets filed with the federal and state taxing authorities.

11.

For Plaintiff, and many other hourly employees, including servers and bartenders, the actual number of hours reported to Defendants' payroll company was falsely reported as less than the number of hours worked by Plaintiff and those employees.

12.

Whenever hourly employees would inquire about the hour differences, employees were not allowed to see or keep proof of their hours worked from the time clock or the register. The Defendants failed to properly comply with the payroll records-keeping requirements of the FLSA, specifically 29 U.S.C. §211(c).

13.

It is believed that Defendants have previously defended FLSA claims against

them and are well aware of their obligations under the FLSA. Accordingly, Defendants have willfully violated the FLSA, 29 U.S.C. 201 et. seq.

14.

Upon information and belief, Defendants have in some cases retaliated against individuals who opposed there unlawful wage and hour practices.

## COUNT I-FLSA COLLECTIVE ACTION

15.

Plaintiff re-alleges paragraphs 1-14 and incorporate them by reference to this count.

16.

Defendants' policies as stated above have caused Plaintiff to be deprived of wages due her/them.

17.

Defendants' policies as stated above constitute a violation of the FLSA, 29 U.S.C. 206, requiring a minimum wage to be paid for all hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

18.

Under 29 U.S.C. 216(b), Defendants are liable to Plaintiff in the amount of her unpaid wages; an additional amount as liquidated damages, and her reasonable attorneys' fees and cost of this action.

## COUNT II –CONVERSION

### 19.

Plaintiff re-alleges paragraphs 1-18 and incorporate them by reference to this count.

### 20.

Defendants had no legal claim to withhold money and earned wages with respect to the pay amounts or tip amounts deducted/taken from Plaintiff.

### 21.

As a result, Plaintiff has been damaged, and seeks compensation in an amount equal to the amounts taken from her and punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT III –PROMISSORY ESTOPPEL

### 22.

Plaintiff re-alleges the preceding paragraphs as if set forth in their entirety herein.

### 23.

Defendants promised the bartender Plaintiff that she would make legal wages plus tips.

24.

Defendants made these representations to Plaintiff with the intention that the Plaintiff act in reliance on this information.

25.

Plaintiff has acted in reliance on this information, has acted diligently, and has been damaged.

26.

As a result, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

a)     A trial by jury;

b)     An award of past due wages for Plaintiff, together with interest thereon;

c)     That the Court award Plaintiff liquidated damages, together with interest thereon;

d)     That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

e)     That this Court award Plaintiff her reasonable attorneys' fees and expenses of litigation;

f)     That Plaintiff be awarded prejudgment interest and her cost and

disbursements herein;

g)     That additional applicable former employees of Defendants be permitted to join this suit by appropriate opt-in and amended Complaint; and

h)     That Plaintiff be awarded compensatory, punitive damages and attorneys' fees and expenses of litigation pursuant to O.C.G.A. 13-6-11 for the violations of state law alleged herein.

i)     Any and other such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted,

s/Robert A. Falanga
ROBERT A. FALANGA
Attorney for Plaintiff
Georgia Bar No. 254400

Law Offices of
Falanga & Chalker
11200 Atlantis Place
Suite C
Alpharetta, Georgia 30022
(770) 955-0006
rfalanga@mindspring.com

Fulton County Superior Court
***EFILED***DD
Date: 2/15/2016 1:21:15 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| MICHELLE E. FALANGA, | ) |
| | ) |
| PLAINTIFF, | )   CIVIL ACTION |
| | )   FILE NO. _2016CV271445_____ |
| BTW ATLANTA, LLC, d/b/a | ) |
| BUCKHEAD SALOON, and | ) |
| JEFFREY S. BOLHOUS, | ) |
| | ) |
| DEFENDANTS. | ) |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS

YOU ARE HEREBY REQUIRED to respond to the following Interrogatories and Request for Production of Documents which are to be answered under oath, separately and in writing within forty-five (45) days as prescribed by law.

These Interrogatories and Requests are directed to you but require information obtained by you, your agents, employees, representatives, and private investigators whom are in possession of or may have obtained information for or on your behalf.

These Interrogatories and Requests shall be deemed to be continuing such as to require supplemental answers by you, if, and when additional information is obtained, either by you or on your behalf.

## INTERROGATORIES

1.

Have you obtained statements from any person regarding the allegations complained of in the Plaintiffs' Complaint and if so, please state:

(a)  Whether or not such statements were oral, written, or recorded, listing the name and address of the person or persons taking the statement; and

(b)  The date of these statements and the name of the person or persons from whom such statement(s) was taken.

2.

Please state whether or not you have in your possession any memos, emails, letters, photographs, recordings or documents pertaining to the Plaintiff's allegations contained in her Complaint and further state the name of the person having custody thereof and whether or not you will produce same without the necessity of a formal Request for Production of Documents pursuant to O.C.G.A. Section 9-11-34(c).

3.

Please state whether or not you have any policy or policies of insurance, including any excess insurance policy coverage, to indemnify you in the event that Plaintiff should obtain a judgment against you and if so, please state:

(a) The name and address of the insurance company or companies issuing said policy or excess policy;

(b)  The policy number; and

(c)  The limits of each type of coverage of liability of said policy and excess policy.

4.

Please state whether or not you have consulted any expert(s) which you intend to call at trial to render an opinion with regard to the matters in controversy and if so, please state:

(a) When the expert was hired and the subject matter on which he or she is expected to testify; and

(b) The identity of the expert and a summary of the substance of the facts and opinions on which he/she is expected to testify.

5.

Do you know of anyone who claims to have seen or heard the Plaintiff make any statement or statements against her interest regarding the issues or occurrence referred to in Plaintiff's Complaint and if so, please state:

(a)  The location and date any such statement was made;

(b)  The name and address of the person in whose presence any such statement was made; and

(c)  The substance of any such statement.

6.

Please give the names and addresses of all expert witnesses you have consulted concerning the issues in this Complaint and whether or not you intend to call said experts at the time of trial of the case.

7.

Please state the names, addresses and telephone numbers of all managers who were previously employed or who are presently employed at Buckhead Saloon.  For each manager, state the following:

(a)  The date he/she was hired;

(b)  The name, address and job rating of the person who hired him/her;

(c)  Whether he/she is still employed by you, and if not, the date and reason the employment was terminated;

(d)  The most recent address and telephone number known to you for his/her resident address;

(e)  A description of the duties he/she was required to perform during his/her employment with your firm; and state whether or not he/she was within the scope of his/her employment and conducting a job related service at the time when he/she shared any tip proceeds of any of the bartenders;

(f)  State for each manager so listed their salary or rate of pay when so employed by you on either an hourly, weekly, monthly or yearly salary basis.

8.

Did any managers of Buckhead Saloon ever communicate to you or any of their supervisors whom are employed with your firm the fact that they were sharing in the tip pool for hours that they worked behind the bar even though they were being paid a full hourly wage as a management employee and not at the hourly employee tipped rate that was being paid to the bartenders. If so, please state the date of the communication, to whom communicated and the nature or essence of the communication.

9.

State the name, address and employer of all persons who, to your knowledge, information or belief, have investigated any aspects of the allegations which are the subject of this litigation and indicate whether or not each has made a written record of the investigation or any part thereof.

10.

Please identify with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already been identified and give the name and address of the person(s) having possession, custody or control of each thing.

11.

Identify all United States statutes, state statutes, city ordinances, county

ordinances, rules or regulations which you contend the propounder (Michelle E. Falanga) of these Interrogatories violated with respect to any of her allegations giving rise to this lawsuit.

12.

If you or any of your representatives have a copy of, or knowledge of, any transcription of testimony, written complaint, or other recording or proceeding at the EEOC or the federal Labor Board associated with any complaints made by any employee of Buckhead Saloon for the last four years, please identify each with reasonable particularity and give the name, address and telephone number of all employees who filed said complaint(s).

13.

Please identify any employee manuals or other similar documents that are given to employees when they are hired and employed with your firm for working at the Buckhead Saloon.

14.

Please list the name, home address and telephone number of the person that interviewed Michelle E. Falanga during her initial employee interview which ultimately lead to her employment with your firm.

15.

Please describe any documents that are used by your firm in reporting earnings,

wages or tips earned by employees of Buckhead Saloon to any third parties or government entities.

### 16.

Please describe any documents or forms utilized by your firm in logging tips of employees on a shift basis, daily or weekly basis.

### 17.

Please describe any documents or forms utilized by your firm in the scheduling of employees on a shift basis, daily or weekly basis.

### 18.

Please describe any documents or forms utilized by your firm for reporting to any government entities the amount of taxes taken out of each employees paycheck for each pay period.

### 19.

List the name, address and job title of the person who is currently in charge of your personnel department and the name, address and job title of the person who was in charge of the personnel department when Michelle E. Falanga was first employed at Buckhead Saloon.

### 20.

Describe the interview and hiring process conducted by your firm in the hiring of the employee, Michelle E. Falanga.

21.

Please state the name, employer, employment address and telephone number of any and all investigators, attorneys, adjusters, claims representatives, or experts, who have investigated the issues raised in this lawsuit on behalf of Defendants.

22.

Have you, prior to the filing of Plaintiff's lawsuit, been made aware by anyone, that management personnel were sharing in the tips of the tip credit employees of Buckhead Saloon. If so, under what circumstances did you learn about this and state the date that you learned about it and the actions, if any, that you took regarding the knowledge that you learned about it.

23.

Please state whether or not you have ever been made aware that management personnel were sharing in tips earned by the bartenders at Buckhead Saloon and would then delete their names from the tip out sheets kept by your business so that the amount of the tips kept by the management employee would not be reported as additional income to said management employee.  If you were aware of this procedure, please state when you were first notified about it and what, if anything, did you do to change it from happening and what corrective actions you took to correct the inaccurate reporting of tip income to any government entities.

24.

Have any lawsuits, claims or complaints been made against you alleging that taxes being reported to government entities were inaccurate or involving scheduling, payment of wages, reporting of wages or tips or any similar employee complaint regarding either wages, tips, or taxes?  If yes, for each such lawsuit, complaint or claim filed, please state the place (city, county, state or federal) of filing of the lawsuit, claim or complaint, listing the name and present addresses of the person who made or filed it for each such action, the date of the filing of same, the court or government entity where so filed, and the nature of the lawsuit, complaint or claim. For any other similar complaints or claims involving employees regarding wages, tips or taxes, please provide the name and address of the complainant in question and the nature of said complaint.

25.

List the name, address and telephone number of each and every management employee employed by you for the last four (4) years.

26.

List the name, address and telephone number of each and every bartender or server "tip-credit"  employee employed by you for the last four (4) years.

27.

Identify any documents that would reflect the number of hours worked by your

servers or bartenders that has been used in your business for the last four (4) years.

## REQUESTED DOCUMENTS

1.

Please produce any and all records or documents responsive, or which pertain to, your answer(s) to interrogatory questions 1,2,3,12,13,15,16,17,18,26, 27, 28 and 29 herein above.

2.

Please produce any and all records or documents which reflect any investigation or incident type forms pertaining to the allegations complained of in the Plaintiff's Complaint.

3.

Please produce the complete personnel file and personnel records for Michelle E. Falanga.

4.

Please produce a copy of any incident reports prepared by any agent, employee, or officer on your behalf concerning the allegations and/or any claim or potential claim arising out of the allegations contained in the plaintiff's complaint.

5.

Please produce a complete copy of all policies of insurance, including the declarations pages, which afford or may afford liability insurance coverage for your

company with respect to any claim or issue arising out of this action and/or the Plaintiff's allegations. This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, and/or any other type of liability insurance coverage.

6.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to this lawsuit or the allegations involved in this lawsuit. Please also produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

7.

Please produce a copy of any and all paychecks, paycheck stub, time card, tip sheets, or any other items or materials documenting the time worked, tips earned, pay stubs or taxes reported for Michelle E. Falanga while she was employed by you at Buckhead Saloon.

8.

Please produce a copy of all log books, tip sheets, or documents of any other name or description, which reflect tips or wages made by or paid to Michelle E. Falanga during her employment with you at Buckhead Saloon or paid to any other "tip-credit" employee for the last four (4) years.

9.

Please produce the complete personnel file for or concerning Michelle E. Falanga, including her application for employment and any records of discipline.

10.

Please produce a copy of any and all instruction manuals, employee rules, regulations, or any bartender/employee handbooks provided to either Plaintiff or any other employees including any handbook in force and effect for your employees and bartenders which were in effect or being utilized by you during the period of employment of the Plaintiff Michelle E. Falanga from the time that she was hired until the time that she was let go from your employment.

11.

Please produce copies of your company's Policies and Procedures Manual, Internal Operating Procedures, or other compilation of corporate policies and procedures utilized by your company's personnel as of the date of the hiring of the Plaintiff until the date that she ceased working for you.

12.

Please produce a copy of any documentation of any kind received by you from any person, corporation or insurer relative to the performance of Plaintiff Michelle E. Falanga as an employee and/or bartender, including criticisms, reprimands, infractions, discharges, firings or any other commentary concerning her work or

background as an employee and/or bartender from the time she made application to be employed by your company, and including but not to be limited to the date of her termination of employment with you.

13.

Please produce any report or statement concerning the same or similar allegations contained in the Plaintiff's Complaint in this case, made by either Michelle E. Falanga or any other employee and given to you, your management, any insurer, or any other person.

14.

Please produce copies of any and all documents or tangible things sent to, or received from or through, any of your insurers concerning the allegations involved in this litigation, including but not limited to documents in the possession of your liability insurance carrier with respect to the issue of liability in this action.

15.

Please    produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or dispute insurance coverage for the claim that forms the basis of this action.

16.

Please produce a copy of any report or statement concerning the allegations or the subject matter referenced in the Plaintiff's Complaint that was submitted by either

Michelle E. Falanga or any other employee to your company, or any of your company's insurers or Buckhead Saloon managers, or which was submitted by or on your behalf to anyone.

17.

Please produce copies of any and all time record sheets, tip sheets or reports for Michelle E. Falanga from the time of her hire date until the time of her termination with your firm.

Respectfully submitted,

s/Robert A. Falanga
ROBERT A. FALANGA
Attorney for Plaintiff
Georgia Bar No. 254400

LAW OFFICES
Falanga & Chalker
11200 Atlantis Place
Suite C
Alpharetta, Georgia 30022
rfalanga@mindspring.com
(770) 955-0006

Civil Action No. _Gwcv071445_

Date Filed _3-10-2016_

_ROBERT A. FALANGA_

| | Magistrate Court | ☐ |
| | Superior Court | ☒ |
| | State Court | ☐ |

Georgia, ~~Gwinnett~~ County
Fulton

Attorney's Address

_MICHELLE L. FALANGA_
**Plaintiff**

VS.

_P+W ATLANTA, LLC D/B/A_
_BUCKHEAD SALOON AND_
_JEFFRY S. BULHUS_
**Defendant**

Name and Address of party to be served.
_(770) 955-0006_

_P+W ATLANTA, LLC_
~~D/B/A BUCKHEAD SALOON~~
~~C/O REGISTERED AGENT~~
_MR. JEFF S. BULHUS_
_3227 ROSWELL ROAD_
_ATLANTA, GA 30305_

**Garnishee**

## Sheriff's Entry Of Service

**Personal**

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious**

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation**

Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est**

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____ , 20 _16_

_____
**Deputy**

Sheriff Docket _____ Page _____

~~Gwinnett~~ County, Georgia
Fulton

WHITE:  Clerk          CANARY:  Plaintiff / Attorney          PINK:  Defendant

SC-2 Rev.3.13

Fulton County Superior Court
***EFILED***DD
Date: 2/15/2016 1:21:15 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **MICHELLE E. FALANGA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **CIVIL ACTION 2016CV271445** |
| | ) | **FILE NO. _____** |
| **BTW ATLANTA, LLC, d/b/a** | ) | |
| **BUCKHEAD SALOON, and** | ) | |
| **JEFFREY S. BOLHOUS,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

> Robert A. Falanga, Esq.
> FALANGA & CHALKER
> 11200 Atlantis Place, Suite C
> Alpharetta, Georgia 30022
> (770) 955-0006

an answer to the complaint which is herewith served upon you. Within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____2/15/2016_____, 2016.

Clerk of Superior Court, Fulton County

BY: _____

Deputy Clerk

Fulton County Superior Court
***EFILED***DD
Date: 2/15/2016 1:21:15 PM
Cathelene Robinson, Clerk

### IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| **MICHELLE E. FALANGA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.** _____ 2016CV271445 |
| **BTW ATLANTA, LLC, d/b/a** | ) | |
| **BUCKHEAD SALOON, and** | ) | |
| **JEFFREY S. BOLHOUS,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

### COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW the Plaintiff, Michelle E. Falanga for and on behalf of herself and files this her Complaint against the Defendants, individually and collectively and shows the Court as follows:

### THE PARTIES AND JURISDICTION AND VENUE

1.

Plaintiff is a resident of the State of Georgia and is a former employee of Buckhead Saloon, serving in the capacity of a bartender and being paid a tip credit hourly amount of $2.13 per hour plus tips. Plaintiff brings this action to recover from Defendants unpaid regular time compensation, failure to allow paid breaks, overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.S. 216(b), (the "Act"

or "the FLSA"), and pursuant to Georgia state law as described below.

2.

Plaintiff brings these FLSA claims and seeks relief challenging, among other things, Defendants' practice of failing to allow payment for all hours worked, failure to pay overtime, and failing to comply with federal law regarding "Tip Credit" policies.

3.

Plaintiff reserves the right to amend this Complaint to qualify and to quantify her allegations to that of a class of persons similarly identified and situated. Plaintiff believes that there may exist a class of employees who have been or are employed in positions similar to those of the Plaintiff, and were subject to the same or similar unlawful practices as the individually named plaintiff herein. The number and identity of other Plaintiffs yet to be identified and possibly opted in and consent to be party plaintiffs may be determined from the records of Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action as discovery proceeds.

4.

Defendants are engage in an integrated enterprise that are highly integrated with respect to ownership and operations and/or are a joint enterprise. At all times relevant hereto, the Bulldog Saloon Defendants were and are Georgia corporations

and individuals doing business in this judicial district and with its principal place of business (BTW Atlanta, LLC, d/b/a Buckhead Saloon) in Georgia and doing business in this judicial district at 3227 Roswell Road, NE, Atlanta, Fulton County, Georgia 30305.  Defendant Jeffrey S. Bolhous (hereinafter "Bolhous") resides in Gwinnett County at 295 Selkirk Lane, Duluth, Gwinnett County, Georgia 30097 and is publicly identified as the "Agent", Managing Partner of the BTW Atlanta, LLC Defendant and has authority over employment decisions including many if not all of the Defendants' policies that violate the FLSA.  All Defendants are subject to actions of this kind and nature and may be served by serving them at the addresses stated herein above and once so served in accordance with Georgia law are subject to the jurisdiction of this honorable court.

5.

The Defendant, BTW Atlanta, LLC, d/b/a Buckhead Saloon (hereinafter referred to as "Buckhead Saloon"), is a Georgia corporation duly registered to transact business in the State of Georgia, and may be served in accordance with the mandates of Georgia Law by serving their registered agent, Mr. Jeff S. Bolhous at 3227 Roswell Road, Atlanta, Fulton County, Georgia 30305, with a copy of this Complaint, and once so served is subject to the jurisdiction of this court.

6.

The Defendant, Jeff S. Bolhous, is a resident of Gwinnett County and may be served

with a copy of this Complaint by serving him with a Second Original copy of the Complaint

at his resident address which is 295 Selkirk Lane, Duluth, Gwinnett County, Georgia 30097

and once so served is subject to the jurisdiction of this court.

## COLLECTIVE ACTION ALLEGATIONS

### 7.

The wages of all hourly employees were altered by Defendants so that they

would not reflect any overtime and/or actual hours worked. Defendants never paid

overtime to hourly, nonexempt employees despite the fact that many regularly worked

more than forty (40) hours per week.

### 8.

All hourly employees were forbidden from taking any paid breaks during their

shifts. Defendants did not provide a schedule for breaks.

### 9.

With regard to servers and bartenders, Defendants are not entitled to treat tips

paid the servers or bartenders as wages (the "Tip Credit") because Defendants have

not complied with 29 U.S.C. 203. Defendants allowed and condoned management

personnel, who were paid salary as opposed to tip credit wages of $2.13 per hour, to

be involved with and to share in the tipped earnings for any hours that management

employees worked behind the bar assisting the regularly scheduled bartenders. This

is a direct violation of FLSA mandates and would entitle Plaintiff to back pay for the

required minimum wage for all hours worked.  Tips must be free of control or coercion by the employer (BTWAtlanta, LLC) in order for the employer to use the Act's tip credit provisions.

10.

It was Defendants' policy to not report as individual income the shared tip money when taken by management employees but would instead report the amount of the tips taken by management employees as the income of the regular tip credit employees on the reporting sheets filed with the federal and state taxing authorities.

11.

For Plaintiff, and many other hourly employees, including servers and bartenders, the actual number of hours reported to Defendants' payroll company was falsely reported as less than the number of hours worked by Plaintiff and those employees.

12.

Whenever hourly employees would inquire about the hour differences, employees were not allowed to see or keep proof of their hours worked from the time clock or the register.  The Defendants failed to properly comply with the payroll records-keeping requirements of the FLSA, specifically 29 U.S.C. §211(c).

13.

It is believed that Defendants have previously defended FLSA claims against

them and are well aware of their obligations under the FLSA. Accordingly, Defendants have willfully violated the FLSA, 29 U.S.C. 201 et. seq.

14.

Upon information and belief, Defendants have in some cases retaliated against individuals who opposed there unlawful wage and hour practices.

## COUNT I-FLSA COLLECTIVE ACTION

15.

Plaintiff re-alleges paragraphs 1-14 and incorporate them by reference to this count.

16.

Defendants' policies as stated above have caused Plaintiff to be deprived of wages due her/them.

17.

Defendants' policies as stated above constitute a violation of the FLSA, 29 U.S.C. 206, requiring a minimum wage to be paid for all hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

18.

Under 29 U.S.C. 216(b), Defendants are liable to Plaintiff in the amount of her unpaid wages; an additional amount as liquidated damages, and her reasonable attorneys' fees and cost of this action.

## COUNT II –CONVERSION

### 19.

Plaintiff re-alleges paragraphs 1-18 and incorporate them by reference to this count.

### 20.

Defendants had no legal claim to withhold money and earned wages with respect to the pay amounts or tip amounts deducted/taken from Plaintiff.

### 21.

As a result, Plaintiff has been damaged, and seeks compensation in an amount equal to the amounts taken from her and punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT III –PROMISSORY ESTOPPEL

### 22.

Plaintiff re-alleges the preceding paragraphs as if set forth in their entirety herein.

### 23.

Defendants promised the bartender Plaintiff that she would make legal wages plus tips.

24.

Defendants made these representations to Plaintiff with the intention that the Plaintiff act in reliance on this information.

25.

Plaintiff has acted in reliance on this information, has acted diligently, and has been damaged.

26.

As a result, Plaintiff has suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

a)      A trial by jury;

b)      An award of past due wages for Plaintiff, together with interest thereon;

c)      That the Court award Plaintiff liquidated damages, together with interest thereon;

d)      That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

e)      That  this Court award Plaintiff her reasonable attorneys' fees and expenses of litigation;

f)      That Plaintiff be awarded prejudgment interest and her cost and

disbursements herein;

g)    That additional applicable former employees of Defendants be permitted to join this suit by appropriate opt-in and amended Complaint; and

h)    That Plaintiff be awarded compensatory, punitive damages and attorneys' fees and expenses of litigation pursuant to O.C.G.A. 13-6-11 for the violations of state law alleged herein.

i)    Any and other such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted,

s/Robert A. Falanga
ROBERT A. FALANGA
Attorney for Plaintiff
Georgia Bar No. 254400

Law Offices of
Falanga & Chalker
11200 Atlantis Place
Suite C
Alpharetta, Georgia 30022
(770) 955-0006
rfalanga@mindspring.com

Fulton County Superior Court
***EFILED***DD
Date: 2/15/2016 1:21:15 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **MICHELLE E. FALANGA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **CIVIL ACTION** 2016CV271445 |
| | ) | **FILE NO.** _____ |
| **BTW ATLANTA, LLC, d/b/a** | ) | |
| **BUCKHEAD SALOON, and** | ) | |
| **JEFFREY S. BOLHOUS,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ALL DEFENDANTS

YOU ARE HEREBY REQUIRED to respond to the following Interrogatories and Request for Production of Documents which are to be answered under oath, separately and in writing within forty-five (45) days as prescribed by law.

These Interrogatories and Requests are directed to you but require information obtained by you, your agents, employees, representatives, and private investigators whom are in possession of or may have obtained information for or on your behalf.

These Interrogatories and Requests shall be deemed to be continuing such as to require supplemental answers by you, if, and when additional information is obtained, either by you or on your behalf.

## INTERROGATORIES

1.

Have you obtained statements from any person regarding the allegations complained of in the Plaintiffs' Complaint and if so, please state:

(a)  Whether or not such statements were oral, written, or recorded, listing the name and address of the person or persons taking the statement; and

(b)  The date of these statements and the name of the person or persons from whom such statement(s) was taken.

2.

Please state whether or not you have in your possession any memos, emails, letters, photographs, recordings or documents pertaining to the Plaintiff's allegations contained in her Complaint and further state the name of the person having custody thereof and whether or not you will produce same without the necessity of a formal Request for Production of Documents pursuant to O.C.G.A. Section 9-11-34(c).

3.

Please state whether or not you have any policy or policies of insurance, including any excess insurance policy coverage, to indemnify you in the event that Plaintiff should obtain a judgment against you and if so, please state:

(a) The name and address of the insurance company or companies issuing said policy or excess policy;

(b)  The policy number; and

(c)  The limits of each type of coverage of liability of said policy and excess policy.

4.

Please state whether or not you have consulted any expert(s) which you intend to call at trial to render an opinion with regard to the matters in controversy and if so, please state:

(a) When the expert was hired and the subject matter on which he or she is expected to testify; and

(b) The identity of the expert and a summary of the substance of the facts and opinions on which he/she is expected to testify.

5.

Do you know of anyone who claims to have seen or heard the Plaintiff make any statement or statements against her interest regarding the issues or occurrence referred to in Plaintiff's Complaint and if so, please state:

(a)  The location and date any such statement was made;

(b)  The name and address of the person in whose presence any such statement was made; and

(c)  The substance of any such statement.

6.

Please give the names and addresses of all expert witnesses you have consulted concerning the issues in this Complaint and whether or not you intend to call said experts at the time of trial of the case.

7.

Please state the names, addresses and telephone numbers of all managers who were previously employed or who are presently employed at Buckhead Saloon.  For each manager, state the following:

(a)  The date he/she was hired;

(b)  The name, address and job rating of the person who hired him/her;

(c)  Whether he/she is still employed by you, and if not, the date and reason the employment was terminated;

(d)  The most recent address and telephone number known to you for his/her resident address;

(e)  A description of the duties he/she was required to perform during his/her employment with your firm; and state whether or not he/she was within the scope of his/her employment and conducting a job related service at the time when he/she shared any tip proceeds of any of the bartenders;

(f)  State for each manager so listed their salary or rate of pay when so employed by you on either an hourly, weekly, monthly or yearly salary basis.

8.

Did any managers of Buckhead Saloon ever communicate to you or any of their supervisors whom are employed with your firm the fact that they were sharing in the tip pool for hours that they worked behind the bar even though they were being paid a full hourly wage as a management employee and not at the hourly employee tipped rate that was being paid to the bartenders.  If so, please state the date of the communication, to whom communicated and the nature or essence of the communication.

9.

State the name, address and employer of all persons who, to your knowledge, information or belief, have investigated any aspects of the allegations which are the subject of this litigation and indicate whether or not each has made a written record of the investigation or any part thereof.

10.

Please identify with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already been identified and give the name and address of the person(s) having possession, custody or control of each thing.

11.

Identify all United States statutes, state statutes, city ordinances, county

ordinances, rules or regulations which you contend the propounder (Michelle E. Falanga) of these Interrogatories violated with respect to any of her allegations giving rise to this lawsuit.

12.

If you or any of your representatives have a copy of, or knowledge of, any transcription of testimony, written complaint, or other recording or proceeding at the EEOC or the federal Labor Board associated with any complaints made by any employee of Buckhead Saloon for the last four years, please identify each with reasonable particularity and give the name, address and telephone number of all employees who filed said complaint(s).

13.

Please identify any employee manuals or other similar documents that are given to employees when they are hired and employed with your firm for working at the Buckhead Saloon.

14.

Please list the name, home address and telephone number of the person that interviewed Michelle E. Falanga during her initial employee interview which ultimately lead to her employment with your firm.

15.

Please describe any documents that are used by your firm in reporting earnings,

wages or tips earned by employees of Buckhead Saloon to any third parties or government entities.

16.

Please describe any documents or forms utilized by your firm in logging tips of employees on a shift basis, daily or weekly basis.

17.

Please describe any documents or forms utilized by your firm in the scheduling of employees on a shift basis, daily or weekly basis.

18.

Please describe any documents or forms utilized by your firm for reporting to any government entities the amount of taxes taken out of each employees paycheck for each pay period.

19.

List the name, address and job title of the person who is currently in charge of your personnel department and the name, address and job title of the person who was in charge of the personnel department when Michelle E. Falanga was first employed at Buckhead Saloon.

20.

Describe the interview and hiring process conducted by your firm in the hiring of the employee, Michelle E. Falanga.

21.

Please state the name, employer, employment address and telephone number of any and all investigators, attorneys, adjusters, claims representatives, or experts, who have investigated the issues raised in this lawsuit on behalf of Defendants.

22.

Have you, prior to the filing of Plaintiff's lawsuit, been made aware by anyone, that management personnel were sharing in the tips of the tip credit employees of Buckhead Saloon. If so, under what circumstances did you learn about this and state the date that you learned about it and the actions, if any, that you took regarding the knowledge that you learned about it.

23.

Please state whether or not you have ever been made aware that management personnel were sharing in tips earned by the bartenders at Buckhead Saloon and would then delete their names from the tip out sheets kept by your business so that the amount of the tips kept by the management employee would not be reported as additional income to said management employee. If you were aware of this procedure, please state when you were first notified about it and what, if anything, did you do to change it from happening and what corrective actions you took to correct the inaccurate reporting of tip income to any government entities.

24.

Have any lawsuits, claims or complaints been made against you alleging that taxes being reported to government entities were inaccurate or involving scheduling, payment of wages, reporting of wages or tips or any similar employee complaint regarding either wages, tips, or taxes?  If yes, for each such lawsuit, complaint or claim filed, please state the place (city, county, state or federal) of filing of the lawsuit, claim or complaint, listing the name and present addresses of the person who made or filed it for each such action, the date of the filing of same, the court or government entity where so filed, and the nature of the lawsuit, complaint or claim. For any other similar complaints or claims involving employees regarding wages, tips or taxes, please provide the name and address of the complainant in question and the nature of said complaint.

25.

List the name, address and telephone number of each and every management employee employed by you for the last four (4) years.

26.

List the name, address and telephone number of each and every bartender or server "tip-credit"  employee employed by you for the last four (4) years.

27.

Identify any documents that would reflect the number of hours worked by your

servers or bartenders that has been used in your business for the last four (4) years.

## REQUESTED DOCUMENTS

1.

Please produce any and all records or documents responsive, or which pertain to, your answer(s) to interrogatory questions 1,2,3,12,13,15,16,17,18,26, 27, 28 and 29 herein above.

2.

Please produce any and all records or documents which reflect any investigation or incident type forms pertaining to the allegations complained of in the Plaintiff's Complaint.

3.

Please produce the complete personnel file and personnel records for Michelle E. Falanga.

4.

Please produce a copy of any incident reports prepared by any agent, employee, or officer on your behalf concerning the allegations and/or any claim or potential claim arising out of the allegations contained in the plaintiff's complaint.

5.

Please produce a complete copy of all policies of insurance, including the declarations pages, which afford or may afford liability insurance coverage for your

company with respect to any claim or issue arising out of this action and/or the Plaintiff's allegations. This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, and/or any other type of liability insurance coverage.

6.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to this lawsuit or the allegations involved in this lawsuit. Please also produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

7.

Please produce a copy of any and all paychecks, paycheck stub, time card, tip sheets, or any other items or materials documenting the time worked, tips earned, pay stubs or taxes reported for Michelle E. Falanga while she was employed by you at Buckhead Saloon.

8.

Please produce a copy of all log books, tip sheets, or documents of any other name or description, which reflect tips or wages made by or paid to Michelle E. Falanga during her employment with you at Buckhead Saloon or paid to any other "tip-credit" employee for the last four (4) years.

9.

Please produce the complete personnel file for or concerning Michelle E. Falanga, including her application for employment and any records of discipline.

10.

Please produce a copy of any and all instruction manuals, employee rules, regulations, or any bartender/employee handbooks provided to either Plaintiff or any other employees including any handbook in force and effect for your employees and bartenders which were in effect or being utilized by you during the period of employment of the Plaintiff Michelle E. Falanga from the time that she was hired until the time that she was let go from your employment.

11.

Please produce copies of your company's Policies and Procedures Manual, Internal Operating Procedures, or other compilation of corporate policies and procedures utilized by your company's personnel as of the date of the hiring of the Plaintiff until the date that she ceased working for you.

12.

Please produce a copy of any documentation of any kind received by you from any person, corporation or insurer relative to the performance of Plaintiff Michelle E. Falanga as an employee and/or bartender, including criticisms, reprimands, infractions, discharges, firings or any other commentary concerning her work or

background as an employee and/or bartender from the time she made application to be employed by your company, and including but not to be limited to the date of her termination of employment with you.

13.

Please produce any report or statement concerning the same or similar allegations contained in the Plaintiff's Complaint in this case, made by either Michelle E. Falanga or any other employee and given to you, your management, any insurer, or any other person.

14.

Please produce copies of any and all documents or tangible things sent to, or received from or through, any of your insurers concerning the allegations involved in this litigation, including but not limited to documents in the possession of your liability insurance carrier with respect to the issue of liability in this action.

15.

Please   produce  a  copy  of  any  reservation  of  rights  letter  or  other documentation of any kind received from any insurer that purports to question, deny, or dispute insurance coverage for the claim that forms the basis of this action.

16.

Please produce a copy of any report or statement concerning the allegations or the subject matter referenced in the Plaintiff's Complaint that was submitted by either

Michelle E. Falanga or any other employee to your company, or any of your company's insurers or Buckhead Saloon managers, or which was submitted by or on your behalf to anyone.

17.

Please produce copies of any and all time record sheets, tip sheets or reports for Michelle E. Falanga from the time of her hire date until the time of her termination with your firm.

Respectfully submitted,


s/Robert A. Falanga
ROBERT A. FALANGA
Attorney for Plaintiff
Georgia Bar No. 254400

LAW OFFICES
Falanga & Chalker
11200 Atlantis Place
Suite C
Alpharetta, Georgia 30022
rfalanga@mindspring.com
(770) 955-0006

Civil Action No. _____

Date Filed _____

Attorney's Address

**FALANGA & CHALKER**
**Attorneys at Law**
**11200 Atlantis Place**
**Suite C**
**Alpharetta, GA 30022**

Name and Address of party to be served.

_____

_____

_____

Magistrate Court ☐
Superior Court ☑
State Court ☐
Georgia, Gwinnett County

_____ Plaintiff

VS.

_____

_____ Defendant

_____

_____ Garnishee

## Sheriff's Entry Of Service

**Personal**

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious**

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation**

Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est**

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, 20____.

_____
**Deputy**

Sheriff Docket _____ Page _____

_____
**Gwinnett County, Georgia**

WHITE: Clerk        CANARY: Plaintiff / Attorney        PINK: Defendant

SC-2 Rev.3.13