## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Michelle E. Falanga ("Plaintiff"), on the one hand, and BTW Atlanta, LLC, d/b/a Buckhead Saloon ("BTW") and Jeffrey S. Bolhous ("Bolhous" and together with BTW, the "Defendants"), on the other hand. Plaintiff and Defendants are referred to collectively herein as the "Parties."

**WHEREAS,** Plaintiff is a former employee of BTW;

**WHEREAS,** Bolhous is a member of BTW;

**WHEREAS,** on February 15, 2016, Plaintiff filed a lawsuit against the Defendants in the Superior Court of Fulton County, Georgia bearing the case number 2016-cv-271445 (the "Litigation");

**WHEREAS,** on April 11, 2016, the Defendants removed the Litigation to the U.S. District Court for the Northern District of Georgia (the "Court"), where it was assigned the case number 1:16-cv-01155-MHC;

**WHEREAS,** Plaintiff alleges in the Litigation that the Defendants violated the Fair Labor Standards Act ("FLSA") with respect to Plaintiff, committed the tort of conversion with respect to Plaintiff, and are liable to Plaintiff under the theory of promissory estoppel;

**WHEREAS,** a *bona fide* dispute exists between the Parties in the Litigation as to, *inter alia* (i) whether BTW was entitled to use the "tip credit" of Section 3(m) of the FLSA to satisfy its minimum wage obligations to Plaintiff; and (ii) whether Plaintiff worked "off the clock" hours during her employment with BTW without being paid the minimum wage for such hours;

**WHEREAS,** the Parties desire to settle, fully and finally, all claims raised by Plaintiff against the Defendants in the Litigation as well as all other claims Plaintiff may have against the Defendants as of her execution of this Agreement;

**NOW, THEREFORE,** in consideration of the terms and conditions set forth in this Agreement, the Parties agree as follows:

1. <u>Conditions Precedent</u>. The Parties' respective obligations under this Agreement are contingent on the occurrence of all of the following events – (a) the filing by the Parties with the Court of a mutually agreeable joint motion seeking the Court's approval of the terms of this Agreement; (b) the Court approving the terms of this Agreement; and (c) the Court dismissing the Litigation in its entirety with prejudice. The date on which the events in the preceding sentence have all occurred is referred to herein as the "Effective Date."

2. <u>Settlement Amounts</u>. In consideration of the promises made herein by Plaintiff, BTW, on behalf of the Defendants, agrees to make the following four (4) payments within ten (10) business days immediately following the Effective Date:

    (a)    <u>FLSA Back Wages</u>. BTW will pay Plaintiff the gross amount of Three Thousand Two Hundred Nine and 23/100 Dollars ($3,209.23) as unpaid wages under the FLSA. That payment will be subject to withholdings applicable to wages.

    (b)    <u>FLSA Liquidated Damages</u>. BTW will pay Plaintiff Three Thousand Two Hundred Nine and 23/100 Dollars ($3,209.23) as liquidated damages under the FLSA. That payment will not be subject to withholdings applicable to wages.

    (c)    <u>FLSA Attorney's Fees and Costs</u>. BTW will pay Plaintiff's attorneys – Falanga & Chalker ("<u>Attorneys</u>") – Fifteen Thousand Dollars ($15,000.00) in attorney's fees and costs under the FLSA. That payment will not be subject to withholdings applicable to wages.

    (d)    <u>Severance Pay</u>. BTW will pay Plaintiff post-employment severance in the gross amount of Two Thousand Six Hundred Ten Dollars ($2,610.00). That payment will be subject to withholdings applicable to wages.

3.    <u>Release of Claims</u>.

    (a)    <u>Release of FLSA Claims</u>. In consideration of the payments set forth in Paragraphs 2(a)-(c) above, Plaintiff, on behalf of herself, and her spouse, heirs, attorneys, assigns, and other representatives, hereby releases (i) Bolhous together with his spouse, heirs, attorneys, assigns, and other representatives (the "<u>Bolhous Releasees</u>") and (ii) BTW together with its past, current, or future owners, officers, directors, members, employees, agents, attorneys, insurers, and affiliated entities (the "<u>BTW Releasees</u>" and together with the Bolhous Releasees, the "<u>Releasees</u>") from any and all claims, demands, complaints, liabilities, obligations, actions, causes of action, suits, costs, expenses, losses, attorneys' fees, and damages of any nature whatsoever, known or unknown, for relief of any nature at law or in equity, that Plaintiff now has, owns, or holds, or claims to have, own, or hold, or that Plaintiff at any time heretofore had, owned, or held, or claimed to have, own, or hold against the Releasees under the FLSA. After consultation with her legal counsel, Plaintiff acknowledges and agrees that her claims against the Defendants under the FLSA are subject to a *bona fide* dispute with Defendants and that the payments set forth in Paragraphs 2(a)-(c) above equal or exceed (x) all amounts due as wages to Plaintiff under the FLSA; (y) all amounts recoverable by Plaintiff as liquidated damages under the FLSA; and (z) all amounts Plaintiff has paid, or is required to pay, in attorneys' fees and costs related to her FLSA claims.

    (b)    <u>Release of All Other Claims</u>. In consideration of the payment set forth in Paragraph 2(d) above, Plaintiff, on behalf of herself and her spouse, heirs, attorneys, assigns, and other representatives, hereby releases the Releasees from any and all claims, demands, complaints, liabilities, obligations, causes of action, suits, expenses, losses, attorneys' fees, and damages of any nature whatsoever, known or unknown, for relief of any nature at law or in equity, that Plaintiff now has, owns, or holds, or claims to have, own, or hold, or that Plaintiff at any time heretofore had, owned, or held, or claimed to have, own, or hold against the Releasees, including, but in no way limited to: all claims under the following statutes, each as amended – Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, The Americans With Disabilities Act, The Family and Medical Leave Act, and The Employee Retirement Income Security Act; all other claims involving the violation of public policy, retaliation, or interference with legal rights;

all other claims under any and all other federal, state, and local employment laws; any tort or fraud claims; and any alleged breach of contract or promissory estoppel claims. Plaintiff further waives any right she may have to recover financial damages through any proceeding initiated against the Defendants by the U.S. Equal Employment Opportunity Commission (or any similar state or local agency). It is agreed that this is a general release that is to be broadly construed as a release of all claims; provided that, this paragraph expressly does not include a release of any claims that cannot be released hereunder by law.

(c) No Liens or Assignments. Plaintiff represents and warrants that there are no liens on the claims released herein by her and that she is the sole owner of, and has not sold, pledged, assigned, granted, or otherwise transferred any of those claims.

4. No Admission. Plaintiff recognizes and acknowledges that this Agreement does not constitute, and will not be construed as, an admission of any acts of misconduct by the Defendants. The Defendants do not admit, and in fact specifically deny, any wrongdoing, liability, or culpability arising out of, related to, or connected with the Parties' employment relationship. Plaintiff acknowledges that she subsequently may discover facts in addition to or different from those that she now knows or believes to be true with respect to her employment with BTW, and that she may have sustained or may yet sustain damages, costs, or expenses that are presently unknown and that relate to that employment. Plaintiff acknowledges, however, that the Parties have negotiated, agreed upon, and entered into this Agreement in light of that situation. To the extent allowed by law, Plaintiff hereby waives any and all rights she may have under any state or federal statute or common law principle that would otherwise limit the effect of the release in Paragraph 3 above to claims known or suspected by Plaintiff as of her execution of this Agreement.

5. Tax Consequences of Allocated Settlement. The allocation of the settlement as set forth in Paragraph 2 above was agreed upon following arms-length negotiations and was based upon the Parties' analyses of the claims, defenses, and potential remedies involved. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of Defendants regarding the tax treatment of the payments referenced in Paragraph 2 above, and Plaintiff hereby expressly acknowledges that she will rely solely on her own accountants, attorneys, or advisors for such advice or opinion. Defendants are not liable for the payment of any tax assessed against Plaintiff or her Attorneys in connection with the payments referenced in Paragraph 2 above.

6. Non-Disparagement. Plaintiff agrees not to disparage (whether verbally, in writing, or "online") BTW or its owners, members, employees, practices, products, or services (including, but not limited to, Bolhous) in any form or fashion. Additionally, Plaintiff agrees not to encourage, directly or indirectly, any third parties to file any claims against the Defendants. For the avoidance of doubt, nothing in this Paragraph 6 (or any other part of this Agreement) is intended to inhibit Plaintiff's ability to provide complete and truthful testimony pursuant to subpoena or other legal process, to make a claim with any government agency, or to participate in an investigation conducted by any such agency.

7. No Future Employment. Plaintiff agrees that she will not be employed by BTW in the future; that she will not seek such employment; and that this Paragraph 7 will constitute a

legitimate, non-discriminatory, and non-retaliatory reason for BTW to not consider Plaintiff for such employment.

8.      Governing Law. This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Georgia, without regard to conflict of laws principles.

9.      Severability. The Parties intend each provision of this Agreement to be read and interpreted with every reasonable inference given to its enforceability. However, the Parties also intend that if any provision of this Settlement Agreement is held to be invalid, void, or unenforceable, the remainder of the provisions hereof shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

10.     No Waiver. No waiver of any term or condition contained in this Agreement shall be effective unless made or confirmed in writing by the person or entity alleged to have waived the right. Unless that writing expressly states otherwise, no such waiver shall be construed as a waiver of a subsequent breach or failure of the same term or condition or a waiver of any other term or condition contained in this Agreement.

11.     Entire Agreement; Modification. This Agreement sets forth the entire agreement between the Parties as to the subject matter of this Agreement, and it fully supersedes any and all prior agreements or understandings between them (whether written or verbal) pertaining to that subject matter. This Agreement may be modified only by a subsequent written agreement that is executed by all of the Parties.

12.     Opportunity To Review. Plaintiff represents and acknowledges that she has carefully read and understands all of the provisions of this Agreement and that she is voluntarily entering into this Agreement. Plaintiff further represents and acknowledges that she has consulted with the attorney of her choice prior to executing this Agreement and that she has been given a reasonable period of time within which to consider whether she wants to accept the terms of this Agreement.

13.     Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but which when taken together, will constitute one and the same instrument. Signatures transmitted by facsimile or email will be affective as originals.

**[Remainder of page intentionally blank.  Signature page follows.]**

The Parties have voluntarily executed this Agreement as of the date(s) set forth below:

BTW Atlanta, LLC

Michelle E. Falanga

Date: 5/12/16

By: _____
Todd Milner
Member

Date: _____

Jeffrey S. Bolhous

Date: _____

Approved of by:

Falanga & Chalker

By: /s/Robert A. Falanga
Robert A. Falanga
Georgia Bar No. 254400

11200 Atlantis Place
Suite C
Alpharetta, GA 30022
(770) 955-0006
rfalanga@mindspring.com

*Attorneys for Plaintiff*

Miller & Martin PLLC

By: /s/James P. Daniel
James P. Daniel
Georgia Bar No. 204115

1180 West Peachtree Street, N.W.
Suite 2100
Atlanta, GA  30309-3407
(404) 962-6100
jpdaniel@millermartin.com

*Attorneys for Defendants*

The Parties have voluntarily executed this Agreement as of the date(s) set forth below:

**BTW Atlanta, LLC**

_____  By: _____
**Michelle E. Falanga**           Todd Milner
                                  Member

Date: _____      Date: _____

                               _____
                               Jeffrey S. Bolhous

                               Date: 5/10/16

Approved of by:

Falanga & Chalker                Miller & Martin PLLC

By: /s/Robert A. Falanga         By: /s/James P. Daniel
    Robert A. Falanga                James P. Daniel
    Georgia Bar No. 254400           Georgia Bar No. 204115

11200 Atlantis Place             1180 West Peachtree Street, N.W.
Suite C                          Suite 2100
Alpharetta, GA 30022             Atlanta, GA 30309-3407
(770) 955-0006                   (404) 962-6100
rfalanga@mindspring.com          jpdaniel@millermartin.com

*Attorneys for Plaintiff*        *Attorneys for Defendants*

The Parties have voluntarily executed this Agreement as of the date(s) set forth below:

**BTW Atlanta, LLC**

_____        By: _Todd P. Milner_____
**Michelle E. Falanga**                         Todd Milner
                                                Member

Date: _____          Date: __5/10/2016_____


                                       _____
                                       **Jeffrey S. Bolhous**

                                       Date: _____


Approved of by:

Falanga & Chalker                       Miller & Martin PLLC


By: /s/Robert A. Falanga                By: /s/James P. Daniel
    Robert A. Falanga                       James P. Daniel
    Georgia Bar No. 254400                  Georgia Bar No. 204115

11200 Atlantis Place                    1180 West Peachtree Street, N.W.
Suite C                                 Suite 2100
Alpharetta, GA 30022                    Atlanta, GA  30309-3407
(770) 955-0006                          (404) 962-6100
rfalanga@mindspring.com                 jpdaniel@millermartin.com

*Attorneys for Plaintiff*               *Attorneys for Defendants*